# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                                   Telephone: (212) 317-1200
New York, New York 10165                                                     Facsimile: (212) 317-1620
_____

jgottheim@faillacelaw.com

March 4, 2020

**VIA ECF**
Honorable Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:     **Ponce Rodriguez v. 880 Dry Cleaners, Inc. (d/b/a Merit Cleaners), et al.**
                  **Case No. 19-cv-06500-JMF**

Dear Judge Furman:

      This office represents Plaintiff in the above-referenced matter. On March 2, Defendants' counsel, with Plaintiff's counsel's consent, filed a Joint Status Letter report requesting that the Court adjourn the upcoming pre-trial conference by 30 days to allow Defendants to produce documents, requested by Plaintiff's counsel, bearing upon Defendants' financial situation. It is mutually understood that such documents are crucial for the proceeding of this matter, whether toward (preferably) settlement or trial. Accordingly, Plaintiff's counsel joined in this request.

      From Plaintiff's perspective, on a more pressing basis, barring the Court's granting of Defendants' request of March 2, this matter was, as of yesterday, scheduled for a pre-trial conference on March 11. As that date posed a conflict for Plaintiff's counsel, the undersigned wrote a letter to the Court requesting an adjournment. In response thereto, the conference was rescheduled for the afternoon of March 12.

      Unfortunately, I must now request another adjournment of the Pre-Trial Conference. On the afternoon of March 12, I must attend a conference in New Jersey Superior Court in a state-mandated pro-bono assignment, thus posing a conflict with this conference. As such, I respectfully request that the Court reschedule this conference to a mutually-convenient date and time. I reaffirm my consent, and preference, for the conference to be adjourned at 30 days as requested by Defense counsel.

      This conference was originally scheduled for March 3. The Court, apparently *sua sponte*, adjourned it to March 11, and then, at Plaintiff's request, to March 12. Thus, this is Plaintiff's second request for an adjournment, the previous request having been granted. There is an additional request for adjournment, contained in the March 2 Joint Status Report, which remains pending. Based on conversation today with Defense counsel, barring the granting of the 30-day adjournment requested in the Joint Status Report, Defendants do not object to the contingency request presented in this letter.

I thank the Court for its understanding and attention to this matter.

Respectfully submitted,

/s/ Jordan Gottheim
Jordan Gottheim, Esq.
*Attorney for Plaintiff*

Cc: Defense Counsel (via ECF)


To be clear, the Court adjourned the March 3rd conference because the parties failed to file their joint status letter until March 2, 2020, more than three days after the Court-ordered deadline. *See* ECF No. 38. In any event, the pretrial conference is ADJOURNED to **April 3, 2020**, at **10:00 a.m.** The Court notes that any future requests for an adjournment must — in accordance with the Court's Individual Rules and Practices — be filed as a **letter motion on ECF** and should not be buried in a routine status letter. Moreover, to avoid burdening the Court with multiple requests, any request for an adjournment should propose multiple dates and times that would work for both counsel. That said, the parties should not expect any additional adjournments of the April 3rd date, particularly since that was the date requested by the parties in their own untimely letter.

The Clerk of Court is directed to terminate ECF No. 68. SO ORDERED.

March 4, 2020