**XUE & ASSOCIATES, P.C.**
1 SCHOOL STREET, SUITE 303A
GLEN COVE, NY 11542
PHONE: (516) 595-8887
FACSIMILE: (212) 219-2276

BENJAMIN B. XUE                                                                                           MICHAEL S. ROMERO
MEMBER OF NY & NJ BARS                                                                                    MEMBER OF NY BAR

August 24, 2019

<u>**Via ECF**</u>
Honorable Judge Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      Re:    **Rodriguez v. 880 Dry Cleaners, Inc. et al.**
             **Case No.: 1:19-cv-06500**

Dear Judge Furman:

      This office represents Defendants 880 Dry Cleaners, Inc. and Kwang Ho Choi (Collectively "Appearing Defendants") in the above-referenced action. We write to you jointly with Plaintiff's counsel regarding the Clerk's Certificates of Default entered against Appearing Defendants (Dkt. Nos. 106, 108), and the order scheduling a default judgment briefing and show cause hearing (Dkt. No. 109).

      On August 7, 2020, Plaintiff requested leave to enter a default judgment against Appearing Defendants due to their inability to timely retain new counsel to represent them in this action. (See Dkt. No. 103). On August 10, 2020 a Clerk's Certificate of Default was entered against Defendant Kwang Ho Choi (Dkt. No. 106) and against Defendant 880 Dry Cleaners, Inc. (Dkt. No. 108). On August 10, 2020 your Honor ordered that Plaintiff shall file a default judgment no later than August 24, 2020, and that if a motion for default is filed that Defendants

were ordered to appear and show cause before the Court on September 8, 2020, at 3:00 p.m., why an order should not be issued granting a default judgment against Defendants. (Dkt. No. 109).

Appearing Defendants had difficulties retaining new counsel due to language barriers and the pandemic-related closures. On August 20, 2020 this Office was retained by Appearing Defendants through the assistance of Korean speaking counsel and entered our appearances on behalf of Appearing Defendants (Dkt. No.'s 120, 121). Appearing Defendants have conferred with Plaintiff, and Plaintiff has agreed not to pursue his motion for default as to Appearing Defendants. Plaintiff has also given his consent to vacate the Clerk's Certificates of Default entered against Appearing Defendants. Plaintiff's counsel reserves his right to seek counsel fees in connection with the applications for certificates of default as to Appearing Defendants.

Furthermore, Appearing Defendants and Plaintiff, through counsels, have conferred and believe it would be in the interest of both parties to explore the possibility of resolving this matter amicably through settlement negotiations. Appearing Defendants and Plaintiff jointly request that this case be referred to mediation or a settlement conference before a magistrate.

For the foregoing reasons, the Plaintiff and Appearing Defendants respectfully request that the Clerk's Certificates of Default entered against Appearing Defendants be vacated.

We thank your Honor for your time and consideration in this matter.

Respectfully submitted,

/s/ Benjamin B. Xue
Benjamin B. Xue

Cc.: Plaintiff's counsels *via* ECF

Application GRANTED. The Certificates of Default are hereby VACATED. This case was previously referred to the Magistrate Judge for settlement purposes, and the referral is still open. ECF NO. 14. The parties shall contact the Chambers of the Magistrate Judge within one week to schedule a settlement conference as soon as possible. If it is after September 8th, the parties may file a letter motion to adjourn the pretrial conference scheduled for that date. The Clerk of Court is directed to terminate ECF No. 122. SO ORDERED.

August 24, 2020