UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                                     :
ARTURO PONCE RODRIGUEZ,                               :
                                                     :
                                  Plaintiff,          :          19-CV-6500 (JMF)
                                                     :
              -v-                                     :          ORDER
                                                     :
880 DRY CLEANERS, INC., et al.,                       :
                                                     :
                                  Defendants.         :
                                                     :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        On September 30, 2020, the Court was advised by Magistrate Judge Fox, to whom this
case was referred for a settlement conference, that the parties in this action — brought pursuant
to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* — have reached a settlement.
Under the FLSA, an employer who violates the requirement that overtime wages be paid must
pay both the unpaid overtime compensation and an additional equal amount as liquidated
damages.  *See id.* § 216(b).  In the event of a settlement and dismissal under Rule 41 of the
Federal Rules of Civil Procedure, the settlement — including any proposed attorney's fee award
— must be scrutinized by the Court to ensure that it is fair.  *See Cheeks v. Freeport Pancake
House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding that "stipulated dismissals settling FLSA claims
with prejudice require the approval of the district court or the DOL to take effect"); *Wolinsky v.
Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (identifying factors a court may
consider in evaluating the fairness and reasonableness of a proposed FLSA settlement and the
reasonableness of a proposed attorney's fee award).[1]

        Assuming the parties contemplate dismissal under Rule 41, they have two options for
finalizing their settlement.  First, on or before **October 15, 2020**, the parties may submit the
settlement agreement to the Court along with a joint letter explaining the basis for the proposed
settlement and why it should be approved as fair and reasonable, with reference to the factors
discussed in *Wolinsky*.  *See* 900 F. Supp. 2d at 335-36.  The letter should also address, if
applicable, any incentive payments to the plaintiff and any attorney's fee award to plaintiff's
counsel (with documentation to support the latter, if appropriate). Second, by the same date, the
parties may consent to proceed in front of Magistrate Judge Fox for all purposes (the appropriate
form for which is available at https://www.nysd.uscourts.gov/node/754), in which case he would
decide whether to approve the settlement.

---

[1]      Judicial approval is not required for a settlement of FLSA claims by way of a Rule 68(a)
offer of judgment.  *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019).

In addition, the parties are advised that the Court will not approve any settlement agreement containing any of the following provisions:

- a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, No. 14-CV-4380 (JMF), 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015);

- a release or waiver provision that releases or waives claims that have not accrued or claims unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release. *See, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); or

- a clause that bars a plaintiff from making negative statements about a defendant unless it includes a carve-out for truthful statements about a plaintiff's experience in litigating his case, or unless the parties can show that there are reasons, specific to this case, justifying a non-disparagement clause without such a carve-out. *See, e.g.*, *Zapata v. Bedoya*, No. 14-CV-4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

In the event that the settlement agreement does contain any of these provisions, the parties' joint letter should also indicate whether the parties want the Court, in the alternative, to consider for approval the settlement agreement with the provision(s) stricken (in which case, the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself — notwithstanding any confidentiality provision). *Cf. Fisher v. SD Protection Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (holding that a district court may approve or reject a settlement of FLSA claims, but may not modify the agreement itself).

Finally, it is hereby ORDERED that the conference previously scheduled for **October 6, 2020,** is adjourned *sine die*.

SO ORDERED.

Dated: October 1, 2020
     New York, New York

                                          JESSE M. FURMAN
                                    United States District Judge